UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-21649

NICOLE VALERIA LOPEZ SERNA,

    Plaintiff,

vs.

INTERNATIONAL BONDED COURIERS, INC.,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Nicole Valeria Lopez Serna, brings this action to address the conduct by Defendant, International Bonded Couriers, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Nicole Valeria Lopez Serna ("Ms. Lopez")**, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*.

2.    **Defendant, International Bonded Couriers, Inc. ("IBC")**, is a *sui juris* foreign for-profit corporation that is authorized to conduct business in Florida and with a place of business in Miami-Dade County, Florida.

3.    This Court has original jurisdiction over Ms. Lopez's claims that arise under federal law pursuant to 28 U.S.C. §1331 and supplemental/pendent jurisdiction over her related state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because IBC is located within this District and because most of the actions complained of occurred within this District.

1

## *Background Facts*

5.      IBC employs over 50 people in its Miami-Dade County location.

6.      Ms. Lopez began working for Defendant on about May 10, 2015 as an Advance Manifest System Clerk ("AMS Clerk").

7.      Ms. Lopez resigned from her job at IBC on or about June 17, 2017.

8.      IBC then requested that Ms. Lopez return to work, and so she resumed working for IBC several months later, on around November 6, 2017, again as an AMS Clerk.

9.      Ms. Lopez was a good employee of IBC, and so it promoted her to an Operations Clerk.

10.      Ms. Lopez's most recent shift was from 2:00 p.m. to 10:30 p.m.

11.      Ms. Lopez always performed her assigned duties in a professional manner, was competent in her performance, performed her job duties well, and had no issues with her work or her performance prior to her pregnancy during her tenure at IBC.

12.      Ms. Lopez has been a devoted and faithful employee of IBC for approximately five (5) years.

13.      Ms. Lopez informed IBC that she was pregnant in August 2019.

14.      Ms. Lopez informed IBC that she would need to take time off from work for her at the end of her pregnancy in April 2020.

15.      On January 3, 2020, IBC terminated Ms. Lopez's employment.

16.      All conditions precedent have been performed by Ms. Lopez, occurred, or waived by Ms. Lopez.

17.      Ms. Lopez retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

2

## COUNT I – VIOLATION OF PREGNANCY DISCRIMINATION ACT

Plaintiff, Nicole Valeria Lopez Serna, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18.     IBC was at all times material Ms. Lopez's "employer", as the term is defined by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e(1).

19.     Ms. Lopez was at all times material an "employee" of IBC, as the term is defined by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e(f).

20.     IBC intentionally discriminated against Ms. Lopez with the regard to the terms and conditions of her employment because she was pregnant, including by badgering her about whether she would return to work after she gave birth and then terminating her employment on or about January 3, 2020 because of her pregnancy.

21.     Ms. Lopez was qualified to continue to perform her work for IBC when it terminated her employment.

22.     Ms. Lopez intended to return to work for IBC after the birth of her child.

23.     IBC made the decision to terminate Ms. Lopez' employment in order to retain its similarly situated, non-pregnant employees who held the same or similar positions, but who had not worked with IBC for as long as Ms. Lopez.

24.     IBC's employment and disciplinary policies were applied differently to Ms. Lopez because of her pregnancy.

25.     IBC intentionally discriminated against Ms. Lopez by discharging her because of her pregnancy in violation of the Pregnancy Discrimination Act.

26.     IBC acted with malice or reckless indifference to the civil rights of Ms. Lopez.

27.     IBC's acts of omission and/or of commission violated the Pregnancy

3

Discrimination Act, which prohibits discrimination against pregnant women the workplace.

28.    As a direct and proximate result of IBC's conduct as described above, Ms. Lopez incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of IBC's conduct.

WHEREFORE Plaintiff, Nicole Valeria Lopez Serna, demands the entry of a judgment in her favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, as follows:

a.    Determining that Defendant, International Bonded Couriers, Inc., is liable to Plaintiff for violating the Pregnancy Discrimination Act;

b.    Awarding Ms. Lopez compensatory damages, including for economic losses suffered by Plaintiff, including lost benefits attendant to her employment;

c.    Awarding Ms. Lopez non-economic damages, including for damages to her reputation, emotional distress damages;

d.    Awarding equitable relief by placing Ms. Lopez in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost future wages and employment-related benefits;

e.    Awarding punitive damages to Ms. Lopez;

f.    Awarding injunctive relief prohibiting Defendant, International Bonded Couriers, Inc., from discriminating against Ms. Lopez;

g.    Enjoining Defendant, International Bonded Couriers, Inc., from discriminating against pregnant women;

h.    Declaring the acts and practices of Defendant, International Bonded Couriers, Inc., to be in violation of the Pregnancy Discrimination Act;

4

i.      Awarding Ms. Lopez her attorneys' fees, costs;

j.      Awarding all interest allowed by law; and

k.      Awarding such other relief as the Court deems just and proper.

## COUNT II – INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE INFORMATION)

Plaintiff, Nicole Valeria Lopez Serna, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

29.     Ms. Lopez was eligible for FMLA leave.

30.     Ms. Lopez gave IBC advance notice of her pregnancy and her need to take leave covered by the FMLA for her pregnancy.

31.     Despite its knowledge of Ms. Lopez's pregnancy, IBC failed to notify Ms. Lopez of failed to notify Plaintiff whether her intermittent leave due to her pregnancy complications was or could be designated as FMLA leave and failed to provide her with paperwork in connection with her FMLA rights.

32.     When IBC failed to notify Ms. Lopez whether her intermittent leave was or could be designated as intermittent FMLA leave, IBC interfered with Ms. Lopez's rights under the FMLA.

33.     As a direct and proximate result of IBC's conduct as described above, Ms. Lopez incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of IBC's conduct.

WHEREFORE Plaintiff, Nicole Valeria Lopez Serna, demands the entry of a judgment in her favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, for actual

5

compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, emotional distress damages, to be placed in the position she would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

### COUNT III – INTERFERENCE WITH FMLA RIGHTS
### (TERMINATION OF EMPLOYMENT)

Plaintiff, Nicole Valeria Lopez Serna, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

34. Ms. Lopez was eligible for FMLA leave.

35. Ms. Lopez gave IBC notice of her pregnancy and childbirth, as well as her need to take a leave of absence covered by the FMLA in December 2020.

36. Despite its knowledge of Ms. Lopez's pregnancy, IBC failed to timely provide her with paperwork in connection with her FMLA rights.

37. Instead of providing Ms. Lopez with written documentation for her planned upcoming FMLA leave of absence for the birth of her child, offering her intermittent leave, or providing her with leave under the FMLA, IBC instead terminated Ms. Lopez's employment on or about January 3, 2020, thereby interfering with Ms. Lopez ability to take further intermittent FMLA leave, or to later take FMLA pregnancy leave in April 2020.

38. As a direct and proximate result of IBC's conduct as described above, Ms. Lopez incurred economic losses, including the loss of wages and benefits, seniority, vacation and sick leave benefits. In addition, her reputation was harmed, and she suffered mental anguish and emotional distress as a direct and proximate result of IBC's conduct.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Nicole Valeria Lopez Serna, demands the entry of a judgment in her favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, emotional distress damages, to be placed in the position she would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT IV – VIOLAITON OF FLORIDA CIVIL RIGHTS ACT

Plaintiff, Nicole Valeria Lopez Serna, reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

39.     The Florida Civil Rights Act, Fla. Stat. §760.01, *et seq.* ("FCRA"), prohibits "discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status".

40.     Ms. Lopez is a "person" as the term is defined at Fla. Stat. §760.02(6).

41.     Ms. Lopez is an "aggrieved person" as the term is defined at Fla. Stat. §760.02(10).

42.     IBC at all times material employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and so was an "employer", as the term is defined by the FCRA. Fla. Stat. §760.02.

43.     The Florida Civil Rights Act makes it unlawful for an employer such as IBC to "fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. §760.10(1)(a).

44.     IBC intentionally discriminated against Ms. Lopez with the regard to the terms and

7

conditions of her employment because she was pregnant, including by badgering her about whether she would return to work after she gave birth, taking adverse actions against her because of her pregnancy and the absences necessitated by her pregnancy, and then terminating her employment on or about January 3, 2020 because of her pregnancy.

45.     Ms. Lopez was qualified to continue to perform her work for IBC when it terminated her employment.

46.     Ms. Lopez could have otherwise continued to perform her work for IBC when it terminated her employment.

47.     IBC's employment and disciplinary policies were applied differently to Ms. Lopez because of her pregnancy.

48.     IBC made the decision to terminate Ms. Lopez' employment in order to retain its similarly situated non-pregnant employees who held the same or similar positions, but who had not worked with IBC for as long as Ms. Lopez, because they were not pregnant.

49.     IBC intentionally discriminated against Ms. Lopez by taking adverse actions against her, up to and including terminating her employment, because of her pregnancy in violation of the Florida Civil Rights Act.

50.     IBC acted with malice or reckless indifference to the civil rights of Ms. Lopez.

51.     IBC's acts of omission and/or of commission violated the Florida Civil Rights Act, which prohibits discrimination against pregnant women the workplace.

52.     IBC engaged in a prohibited "discriminatory practice" as the term is defined by Fla. Stat. §760.02(4) by engaging in the aforesaid actions.

53.     As a direct and proximate result of IBC's conduct as described above, Ms. Lopez incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and

8

sick leave benefits. In addition, her reputation was harmed and she suffered mental anguish and emotional distress as a direct and proximate result of IBC's conduct.

WHEREFORE Plaintiff, Nicole Valeria Lopez Serna, demands the entry of a judgment in her favor and against Defendant, International Bonded Couriers, Inc., after trial by jury, as follows:

a.   Determining that Defendant, International Bonded Couriers, Inc., is liable to Plaintiff for violating the Florida Civil Rights Act;

b.   Awarding Ms. Lopez compensatory damages, including for economic losses suffered by Plaintiff, including lost benefits attendant to her employment;

c.   Awarding Ms. Lopez non-economic damages, including for damages to her reputation, emotional distress damages;

d.   Awarding equitable relief by placing Ms. Lopez in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost future wages and employment-related benefits;

e.   Awarding punitive damages to Ms. Lopez;

f.   Awarding injunctive relief prohibiting Defendant, International Bonded Couriers, Inc., from discriminating against Ms. Lopez;

g.   Enjoining Defendant, International Bonded Couriers, Inc., from discriminating against pregnant women;

h.   Declaring the acts and practices of Defendant, International Bonded Couriers, Inc., to be in violation of the Florida Civil Rights Act;

i.   Awarding Ms. Lopez her attorneys' fees, costs;

j.   Awarding all interest allowed by law; and

k.   Awarding such other relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Nicole Valeria Lopez Serna, demands a trial by jury of all issues so triable.

Respectfully submitted this 29th day of April 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*